## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KAREN NICOLE BEARD,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-1975-DAE** |
| | § | |
| **OMNI HOTEL MANAGEMENT** | § | |
| **CORPORATION,** | § | |
| *Defendant* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Karen Nicole Beard's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Beard is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Beard's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Beard's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Beard is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Beard's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.      REVIEW OF THE MERITS OF THE CLAIM

Because Beard has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review her complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Beard brings claims against Defendant Omni Management Corporation ("Omni") based on discrimination and retaliation she faced while employed at the Omni Barton Creek's fitness center. Dkt. 1, at 5. Beard claims that Omni discriminated against her based on her race, color, national origin, age, and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). *Id.* at 11. Beard also brings claims for retaliation and hostile work environment under Title VII. *Id.*[1] Beard bases her claims on a comment made during her interview about her skin color not matching her name, Omni's decision to hire her as an on-call, substitute fitness instructor instead of a full-time instructor, Omni's assignment of Beard to "low-attendance" fitness classes, Omni's request that Beard conform her substitute classes to the format presented by

---

[1] Beard also purports to bring a claim for constructive discharge under Title VII. Dkt. 1, at 11. "[T]he constructive discharge doctrine is an alternative way of proving an adverse employment action in Title VII and other cases, but constructive discharge is not itself a cause of action." *Wells v. City of Alexandria*, No. 03-30750, 2004 WL 909735, at *3 (5th Cir. Apr. 29, 2004).

the regular instructors, as well as Omni's failure to offer her clients for private training sessions. Dkts. 1, at 7-11; 1-3. Beard alleges that she was forced to quit her job at Omni because of "hostile conditions," including Omni's lack of "acknowledgment when [Beard]'s father passed away" and failure to show "empathy" when Beard reported that a "white lazy employee" had gotten the same raise as her son, who also worked for Omni. *Id.* at 10-12.

Beard's discrimination claims based on her sex, national origin, and age fail because she has not alleged any facts regarding discrimination based on these protected traits. *See* Dkt. 1. Beard does not allege her age or national origin. *See id.* Nor does she plead any facts suggesting that Omni discriminated against her based on her membership in any of the alleged protected classes. *See id.*; *Gallentine v. Hous. Auth. of City of Port Arthur*, 919 F. Supp. 2d 787, 804 (E.D. Tex. 2013) (stating that plaintiff must allege "enough facts to plausibly suggest that her employer discriminated against her due to her membership in a protected group" to plead claim for discrimination under Title VII (citations omitted)); *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012) (noting that to state claim under the ADEA "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age").[2]

---

[2] While Beard alleged in her Charge of Discrimination filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD") that she complained to Omni of an instance of sexual harassment by a client, she does not include any allegations in her complaint or charge suggesting any causal relationship between the harassment by a client and Omni's decisions with regard to Beard's class schedule or Beard's ultimate decision to leave her job at Omni. *See* Dkts. 1; 1-3; *Green v. Brennan*, 578 U.S. 547, 556 (2016) (holding that a

4

While Beard included more facts in support of her race-discrimination claim, she has still failed to state such a cause of action under Title VII. Beard's allegations regarding race discrimination include that: (1) during her hiring interview, her supervisor expressed surprise that Beard's "name did not match her dark skin color"; (2) Omni offered Beard an on-call, substitute fitness instructor position instead of a full-time position; and (3) Omni hired several white instructors during Beard's tenure as an on-call substitute instructor who received classes Beard wanted to teach. Dkt. 1, at 7-11.[3]   Yet Beard offered no facts supporting the inference that she was offered an on-call position, or offered less-desirable classes, based on her race. *See id.*; *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *5 (N.D. Tex. June 21, 2011) ("Without sufficient factual allegations that the complained of actions were taken because of her race, Plaintiff has failed to state a claim of racial discrimination under Title VII[.]"), *R. & R. adopted*, 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd*, 485 F. App'x 676 (5th Cir. 2012); *see also English v. Perdue*, 777 F. App'x 94, 100 (5th Cir. 2019) ("That another employee was treated better and given

---

constructive-discharge claim requires plaintiff to allege discriminatory conduct by the employer). Moreover, "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim," and as explained below, Beard has also failed to state a claim for hostile work environment. *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001).

[3] Beard also complains that a "white lazy employee" received the same pay as Beard's son, who was a "strong worker," yet Beard cannot base her race-discrimination claim on actions directed at her son. Dkt. 1, at 10; *see Cent. & Sw. Servs., Inc. v. U.S. Env't Prot. Agency*, 220 F.3d 683, 699 (5th Cir. 2000) (stating that "a party may not base its Article III standing on alleged injuries to others").

more opportunities does not become actionable under federal law just because she was female.... More is needed to raise [plaintiff's] claims above a speculative level.").

Beard's claim for retaliation in violation of Title VII similarly fails. Beard has not alleged any facts showing that she engaged in a protected activity, or that Omni retaliated against her for engaging in such an activity. *See* Dkt. 1; *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (noting that to state a Title VII retaliation claim, plaintiff must "allege facts going to ultimate elements" that "1) she engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action"). While Beard alleged in her Charge of Discrimination filed with the TWCCRD that she complained to Omni of an instance of sexual harassment by a client, she includes no further facts suggesting that any of Omni's alleged mistreatment occurred after Beard made that complaint or was in any was causally related to her complaint of sexual harassment. *See* Dkts. 1; 1-3; *Nunez-Renck v. Int'l Bus. Machs. Corp. (IBM)*, No. 3:23-CV-1308-D, 2023 WL 5986463, at \*5 (N.D. Tex. Sep. 14, 2023) ("Although [plaintiff] asserts that a 'causal connection exists,' … this is a conclusory statement that is inadequate to plead a plausible claim.").[4]

Finally, Beard has failed to state a claim for hostile work environment. While Beard did include an allegation in her Charge of Discrimination filed with the TWCCRD that she was sexually harassed by an Omni client, and Omni took no action

---

[4] Beard's report that her son was paid the same as a "white lazy employee" is not a protected activity since Title VII does not prohibit paying members of non-protected classes the same rates as members of protected classes. *See* 42 U.S.C. §§ 2000e-2, e-3.

in response, such an allegation is insufficient alone to state a claim for a hostile work environment based on sexual harassment. *Penn. State Police v. Suders*, 542 U.S. 129, 133 (2004) ("To establish hostile work environment, plaintiffs … must show harassing behavior sufficiently severe or pervasive to alter the conditions of their employment." (citations omitted)). Beard also complains that her supervisor "displayed jealousy of [Beard]'s rapport with members and became angry when a member invited [Beard] to lunch" and "provid[ed] no acknowledgment when [Beard]'s father passed away" but such conduct is similarly insufficiently "severe" to support a claim for hostile work environment. Dkt. 1, at 10; *see Perches v. Elcom, Inc.*, 500 F. Supp. 2d 684, 691 (W.D. Tex. 2007) ("Occasional comments, discourtesy, rudeness, or isolated incidents, unless extremely serious, are insufficient to establish severe and pervasive harassment." (citing *Shepherd v. Comptroller of Pub. Accts.*, 168 F.3d 871, 874 (5th Cir. 1999)).

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Beard's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Beard's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

7

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 23, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE